UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant,<br><br>and<br><br>3M VOLUNTARY INVESTMENT PLAN AND EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Garnishee. | **RESPONSE TO REQUEST FOR TRANSFER OF JURISDICTION** |

This matter is before the Court on defendant's objections to garnishment of the proceeds of his retirement account to pay the monetary penalties in the above-entitled case. Defendant first asserts that venue should be transferred to the District of South Dakota where he is currently incarcerated. See letter dated October 25, 2004, attached as Exhibit 1 to the Declaration of Nancy Lair. He also claims that the retirement account may be exempt from execution and that he does not believe he owes the debt at issue. See Clerk's Notice of Post-Judgment Garnishment at pp. 3 and 5, attached as Exhibit 2 to the Lair Declaration. Because defendant's objections are meritless, they should be overruled for the reasons set forth below.

FACTS

On December 16, 2003, defendant was convicted of presenting fictitious obligations in violation of 18 U.S.C. § 514 (a)(2) and

of making false statements in violation of 26 U.S.C. § 7206(1). He was ordered to pay special assessments of $3,500 and restitution of $201,077.99 to seven victims of his crimes. See Judgment and Commitment Order, dated December 17, 2003, attached as Exhibit 3 to the Lair Declaration. He was ordered to pay the $3,500.00 special assessment and $10,000.00 of the restitution immediately, with the balance due paid under a court-ordered plan. To date, defendant has made minimal payments toward these monetary obligations. See Payment History attached as Exhibit 4 to the Lair Declaration.

Because defendant failed to pay the monetary obligations as required by the Judgment and Commitment Order, the government sent Delinquency and Default Notices, telling him that statutory penalties were being assessed and that, if defendant failed to pay the debt as ordered, the government would pursue enforced collection. See Delinquency Notice of March 1, 2004, attached as Exhibit 5 to the Lair Declaration; Default Notice of June 10, 2004, attached as Exhibit 6 to the Lair Declaration.

Despite notice, defendant still failed to make the court-ordered payments. Therefore, the government sought Writs of Garnishment for the $10,000.00 in restitution ordered immediately payable and for the $3,500.00 in special assessments. Those Writs were issued by the Court on June 16, 2004, and September 23, 2004. See Writs of Garnishment attached as Exhibits 7 and 8 to the Lair Declaration. Defendant and the garnishee were served with the

Writs as shown by the U.S. Marshal Service Returns in the Court's file. The garnishee answered that, as of October 15, 2004, it holds $26,193.26 in a 401(k) Defined Contribution Plan. See Answer of the Garnishee, dated October 15, 2004, attached as Exhibits 9 and 10 to the Lair Declaration. Defendant objects to the Writs, claiming that venue is improper, that the 401(k) funds may be exempt from the garnishment and apparently that he does not owe the debt at issue.

1. Venue is proper in this district

Defendant seeks to have venue transferred to South Dakota, where he is currently incarcerated. Exhibit 1. However, venue of this garnishment proceeding is proper in the District of Minnesota.

"A person retains the domicile he had at the time of incarceration." Wright & Miller, Fed. Prac. & Proc. Juris. 2d, Vol. 13B, § 3618 (2004 Supp.). That is so because "a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. Jones v. Hadrian, 552 F.2d 249, 250 (8th Cir. 1977), cert. denied, 431 U.S. 9411 (1977), citing cases. See also Bontkowski v. Smith, 305 F. 3d 757 (7th Cir. 2002); Sanchez v. Sanchez, 30 Fed. Appx. 769 (10th Cir. 2002); Tumminello v. The Bergen Evening Record, Inc., 454 F.Supp. 1156 (D.N.J. 1978). The reason for this traditional rule is straightforward: change of domicile is a voluntary act while the legal compulsion of

incarceration is involuntary. Jones, 552 F.2d at 250.

In order to show that he has acquired a new domicile in his district of incarceration, a prisoner mush show "truly exceptional circumstances." Id. at 251. There must be more than "unsubstantiated declarations" that the prisoner has acquired a new domicile. Id. That means the prisoner must come forth with facts indicating a bona fide new residence and negating residence in the district where he lived prior to incarceration. Id.

Defendant here has made no showing at "truly exceptional circumstances." See id. At the time of sentencing, he resided at 71 McCloud Street, Ortonville, Minnesota, with his wife. See Exhibit 3 at p.1. He remains the owner of a home at that address, according to public records. See Asset Investigation dated November 30, 2004 attached as Exhibit 11 to the Lair Declaration. He expressed an intention of returning to Ortonville to reside with his wife upon his release from imprisonment.

Although defendant is currently incarcerated in Yankton, South Dakota, his residence remains in this District. See Jones, 552 F.2d at 250. Accordingly, venue is proper here, and defendant's venue objection should be rejected as a matter of law.

2. The 401(k) funds are not exempt.

Property exempt from collection to pay criminal monetary obligations is limited by statute. Pursuant to 18 U.S.C. § 3613 (a), only those exemptions found at 26 U.S.C. §§ 6334 (a)(1)-

(8),(10) and (12) and at 15 U.S.C. § 1673 are applicable. The exemptions under 26 U.S.C. § 6334(a) include wearing apparel and schoolbooks; fuels, furniture and personal effects up to statutory limits; books and tools of the trade; unemployment benefits; undelivered mail; certain railroad and military annuity and pension payments; worker's compensation benefits; child support; service-connected disability payments; and certain job training benefits. Under 15 U.S.C. § 1673, certain portions of wages are exempt. None of the exemptions, including those relating to pensions and annuities, applies to an interest in a 401(k) benefits plan of the type defendant owns through 3M. See United States v. Ria, 196 F.Supp.2d. 1196, 1199 (N.D. Okla. 2002) (detailing types of railroad and military pensions and annuities exempt from execution).

Because there is no exemption for defendant's 401(k) benefit plan, the government appropriately garnished the funds. See United States v. James, 312 F.Supp.2d 802 (E.D. Va. 2004); United States v. Garcia, 2003 WL 22594362 (D. Kan. 2003); United States v. Sowada, 2003 WL 22902613 (E.D. La. 2003). Defendant's contention that the plan is exempt must be rejected.

3. Defendant owes the criminal monetary penalties.

Defendant also apparently objects to the garnishment on the ground that he does not owe the criminal monetary penalties which the government seeks to collect. He is in error.

Judgment was entered against defendant on December 16, 2003, in the amount of $3,500 in special assessments and $201,077.99 in restitution. See Judgment and Commitment Order attached as Exhibit 3 to the Lair Declaration. To date, the government's records show that defendant has made only minimal payments. See Payment History attached as Exhibit 4 to the Lair Declaration.

If defendant has any proof of payments made, he should provide that proof immediately. If, on the other hand, he merely disagrees with the terms of the Judgment and Commitment Order, those objections must be (or should have been) raised on direct appeal of his conviction or in an action for post-conviction relief, if available, as such disagreement is not an appropriate objection to enforced collection. See 28 U.S.C. § 3202(d) (limiting the issues at hearings to the probable validity of a claim for exemption, compliance with the statutory prerequisites for the issuance of the Writ and, if judgment was by default, the validity of the claim for debt and any good cause to set aside the judgment). Where, as here, (1) there are no valid exemptions, (2) the government complied with the statutory requirements, and (3) judgment was not enforced by default, defendant raises no appropriate issues for review by his objection.

4. Defendant bears the burden of proof on his objections.

The FDCPA makes clear that defendant bears the burden of proving all grounds for his objections. See 28 U.S.C. § 3205

(c)(5). To allow defendant the opportunity to meet his burden of proof, the government suggests that the Court establish a briefing schedule. Defendant can supply the facts and law on which he relies, and the government can respond as necessary. The Court can then decide whether the matter can be submitted on the written filing alone. A proposed order is attached hereto.

CONCLUSION

In all these reasons, defendant's objections to garnishments are without merit and should be rejected.

Dated: December 28, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for Plaintiff