Thomas B. Heffelfinger
600 UNITED STATES COURTHOUSE
300 S. 4th ST.
MINNEAPOLIS, MN 55415

Certified Mail # 70993220000613662677

Nancy J. Lair
600 UNITED STATES COURTHOUSE
300 S. 4th ST.
MINNEAPOLIS, MN 55415

Certified Mail # 70993220000613662684

January 31st, 2005

Re: UNITED STATES v. ROGER LEIGH OEHLER
CR 02-151 (JNE/RLE)

Dear Thomas B. Heffelfinger:

The attached DEBT COLLECTOR DISCLOSURE STATEMENT was mailed to the UNITED STATES ATTORNEY-DISTRICT OF MINNESOTA office on July 2nd/7th, 2004 and was resent August 2nd, 2004,(enclosures). I am still waiting for a response which has not been received in a timely manner. You have 10 days from date of certified mailing to complete the attached DEBT COLLECTOR DISCLOSURE STATEMENT and return the statement along with all required documents to a 3rd party listed below:

Robert Hybertson
PO Box 3922
Rapid City, SD 57709

Very truly yours,

Roger L. Oehler

Roger L. Oehler
Intervenor
71 McCloud Street
Ortonville, Minnesota

C: Michael L. Cheever
Mary Trippler
Honorable Raymond L. Erickson
Richard D. Sletton
Federal Trade Commission
File

Enclosures

SCANNED
FEB 07 2005
U.S. DISTRICT COURT ST. PAUL

**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota*

*600 United States Courthouse(612)664-5600*
*300 South Fourth Street*
*Minneapolis, MN 55415*

June 10, 2004

DEFAULT NOTICE

Roger Leigh Oehler
#10455-041
Yankton FPC
P.O. Box 680
Yankton, SD 57078

RE: United States v. Roger Leigh Oehler
Cr. No. 02-151 JNE/RLE

Dear Mr. Oehler:

On December 16, 2003 the court imposed a criminal monetary penalty of $204,577.99, of which $10,000.00 was due and payable immediately. Payment of that monetary penalty is now 120 days overdue and is accordingly in statutory default. 18 U.S.C. §§3572 and 3612. Because of the default, you have been charged an additional penalty of 15% of the principal amount past due. The total amount due is now $207,072.99.

As set forth in the Delinquency Notice, if full payment is not received within 30 days from the date of this letter, the United States may move the court for resentencing pursuant to 18 U.S.C. §§3614. You could then be resentenced to any sentence which might originally have been imposed, including imprisonment if your failure to pay was willful.

To avoid the possibility of resentencing or further prosecution, please send a check or money order, payable to the Clerk of Court, to Clerk of Court, 300 South Fourth Street, Room 202, Minneapolis, MN 55415.

If you fail to repay the judgment debt, we will enforce collection of the judgment debt as allowed under the Federal Debt Collection Procedures Act. This Act provides for court-ordered installment payments, continuous garnishment of your wages, and levy against your real and personal property or other means allowed by law.

Any questions may be directed to the Financial Litigation Unit at(612) 664-5600.

U.S. DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
DISTRICT OF MINNESOTA
600 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

Date: July 1st, 2004

To Whom it may concern:

I received the attached unsolisted letter(Attachment) through the USPS which appears to have come from the above address. Since the letter is unsigned I'm not sure of the validity of the letter or its content.

If the attached letter is valid, please provide the information requested on the enclosed "DEBT COLLECTOR DISCLOSURE STATEMENT" and sign under the penalty of perjury. Also have the enclosed "VERIFICATION OF RECORD" signed under the penalty of perjury and return both documents within thirty (30) days to the address noted below

Respectfully,
Roger Leigh: Oehler©
without Prejudice UCC1-207
Roger Leigh: Oehler©
c/o Registration # 10455-041
FPC KINGSBURY
PMB 700
YANKTON SD 57078

Attachment
Enclosure(s)
cc: File

U.S. DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY
DISTRICT OF MINNESOTA
600 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

Date: July 2nd, 2004

To Whom It May Concern:

The attached letter (dated July 1st, 2004) was mailed to your office on July 2nd, 2004 and concontained an enclosure entitled "DEBT COLLECTOR DISCLOSURE STATEMENT" which inadvertently didnot contain the "Remedy Demand No." Please find enclosed the the above stated form with the appropriate No. on it.

Respectfully,
Roger Leigh: Oehler©

Roger Leigh: Oehler©
c/o 10455-041 KINGSBURY
FPC YANKTON
PMB 700
YANKTON SD 57078

Attachment(s)
Enclosure(s)
cc: File

# DEBT COLLECTOR DISCLOSURE STATEMENT
## Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

**Respondent's Private International Administrative Remedy Demand No.** RLO-070104-JD

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector: ..............................
2. Address of Debt Collector: ..............................
3. Name of alleged Debtor: ..............................
4. Address of alleged Debtor: ..............................
5. Alleged Account Number: ..............................
6. Alleged debt owed: $..............................
7. Date alleged debt became payable: ..............................
8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ..............................
9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor? YES NO
10. Did Debt Collector purchase this alleged account from the alleged Original Creditor? YES NO N/A (Not Applicable)
11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: .............................. Amount: $..............................
12. Did Debt Collector purchase this alleged account from a previous debt collector? YES NO N/A
13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: .............................. Amount: $..............................
14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain: ..............................

    ..............................
15. What are the terms of the transfer of rights re this alleged account? ..............................

    ..............................
16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:..............................

    ..............................

17. If the transfer of rights re this alleged account was by assignment, was there consideration? YES NO N/A

18. What is the nature and cause of the consideration cited in # 17 above? ..........................................................................

.......................................................................................................................................................

.......................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value? YES NO N/A

20. What is the nature and cause of any value cited in #19 above? ..........................................................................

.......................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor? YES NO N/A

22. What is the nature and cause of ~~any~~ consent cited in # 21 above?..........................................................................

.......................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*? YES NO

24. Date said verification cited above in # 23 was provided alleged Debtor: ..........................................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition? YES NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of: OATH AFFIDAVIT DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account? YES NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ..........................................................................

29. Was alleged Debtor sold any products/services by Debt Collector? YES NO

30. What is the nature and cause of any products/services cited above in # 29? ..........................................................................

.......................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature? YES NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? ..........................................................................

.......................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor? YES NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?

.......................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor? YES NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?

.......................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account? YES NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account? YES NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account? YES NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account? YES NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account? YES NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract? YES NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract? YES NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument? YES NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

| | |
|---|---|
| ____________________ Date | ____________________ Printed name of Signatory |
| ____________________ Official Title of Signatory | ____________________ Authorized Signature for Debt Collector |

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: "*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,*" which includes "*the false representation of the character, or legal status of any debt,*" and "*the threat to take any action that cannot legally be taken,*" all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

# VERIFICATION OF RECORD

I the undersigned, state that I am the "Holder-In-Due-Course" of the DEFAULT NOTICE mailed on June 10th, 2004 to Roger Leigh Oehler, and this is signed under the Pentaly of Perjury, that the amount stated, Two Hundred Seven Thousand Seventy Two and 99/100 Dollars ($207,072.99) is a true and correct amount.

| | |
|---|---|
| ______________________ | ______________________ |
| Date | Printed name of Signatory |
| ______________________ | ______________________ |
| Offical Title of Signatory | Authorized Signature of Debt Collector |

Thomas B. Heffelfinger - UNITED STATES ATTORNEY
Mary L. Trippler - ASSISTANT U.S. ATTORNEY
600 U.S. COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

July 31st, 2004

RE: Your letter dated June 15, 2004 and other documents:

Dear U.S. ATTORNEY/ASSISTANT U.S. ATTORNEY

The attached letter and documents from your office dated June 15, 2004 and June 21, 2004, were received on July 14th, 2004. This letter and documents imply an indebtedness. To validate this implied indebtedness please provide the information requested on the enclosed "DEBT COLLECTOR DISCLOSURE STATEMENT" and sign under the penalty of perjury. Also sign under the penalty of perjury the enclosed "VERIFICATION OF RECORD". NOTE: This is the second (2nd) request for this verification. Return both documents, completed and signed, within thirty (30) days, to the address noted at the end of this letter.

A request for a change of venue and hearing are pending the receipt and review of the Garnishee's response and the receipt of the completed and signed, under the penalty of perjury, "DEBT COLLECTOR DISCLOSURER STATEMENT" and "VERIFICATION OF RECORD" from your office.

Respectfully,
ROGER LEIGH: OEHLER©
by Roger Leigh: Oehler© Agent

c/o 10455-041 KINGSBURY
FPC YANKTON
PMB 700
YANKTON SD 57078

Attachment(s)
Enclosure(s)

cc: File
CLERK OF COURT
FTC

Received July 14th, 2004

**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota*

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*

*(612)664-5600*

June 15, 2004

Roger L. Oehler
#10455-041
Yankton FPC
P.O. Box 680
Yankton, SD 57078

RE: United States v. Roger L. Oehler
Criminal No. 02-151 JNE/RLE

Dear Mr. Oehler:

Enclosed and served on you are Clerk's Notice of Post-Judgment Garnishment, Instructions on How to Claim Exemptions and a Claim for Exemption Form. Read all of these documents very carefully. They will detail how you are being garnished for up to the amount of $10,000.00 that you owe the Government in the above-entitled matter.

The garnishee, 3M Company, has been served with a Writ, which is a court order demanding that the garnishee withhold all property in said garnishee's possession in which you have a non-exempt interest. Within ten days from the date of your receipt of this letter, the garnishee must answer the writ, detailing to the court--and you--the property that said garnishee is holding. After you receive and review the garnishee's written answer, you have the right to object to that answer if you believe that the property the garnishee is holding is exempt from garnishment. (Read the enclosed Instructions to Defendant on How to Object to the Answer of Garnishee.) However, if, by that time, you have already requested a hearing to discuss exemptions or the validity of the debt (see Clerk's Notice of Post-Judgment Garnishment), you do not have to request a second hearing--as the Answer of Garnishee can be reviewed at the initial hearing.

Also enclosed, for your information, is a copy of our Application for a Writ of Garnishment and a copy of the Writ itself.

Finally, note, this garnishment--by law--can be terminated only by:

a. Court order specifically quashing the Writ;

b. Satisfaction in full of the subject debt.

If you would like to voluntarily pay the portion of the debt that is due and payable immediately, please send a cashier's check or money order, made payable to the "Clerk of Court," in the amount of $10,000, to the Clerk of District Court, 600 Federal Courthouse, 202 South Fourth Street, Minneapolis, Minnesota 55415.

Sincerely,

THOMAS B. HEFFELFINGER
United States Attorney

Mary L. Trippler by mgf

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Enclosures