UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 (JNE/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant,<br><br>and<br><br>3M VOLUNTARY INVESTMENT AND EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Garnishee. | PLAINTIFF'S REPLY TO DEFENDANT'S COMMERCIAL AFFIDAVIT FILED IN CONNECTION WITH GARNISHMENT OF DEFENDANT'S 401(K) ACCOUNT |

This matter is before the Court on defendant's objections to garnishment of his 401(k). Through his "Commercial Affidavit," filed February 15, 2005, defendant objects on a number of grounds, none of which has merit. For the reasons set forth below, defendant's objections should be overruled. Instead, an order should be entered, directing the garnishee to pay the garnished 401(k)funds to the United States to be used for restitution.

FACTS

On December 16, 2003, defendant was sentenced to 33 months in prison and was ordered to pay $201,077.99 in restitution and $3,500 in special assessments. See Judgment and Commitment Order of December 16, 2003, attached as Exhibit A to the Declaration of Nancy Lair. A lump sum of $10,000 in restitution and the $3,500 in special assessments were ordered payable immediately. Id.

Defendant failed to pay the $10,000 lump sum restitution and the $3,500 in special assessments as ordered by the Court. See Payment History attached as Exhibit B to the Lair Declaration. Therefore, the government sent defendant a demand, telling him that statutory penalties were being assessed and that, if defendant failed to pay the debt as ordered, the government would pursue enforced collection. See Delinquency Notice of March 1, 2004, attached as Exhibit C to the Lair Declaration; Default Notice of June 10, 2004, attached as Exhibit D to the Lair Declaration.

Despite notice, defendant failed to pay his special assessments and the $10,000 in restitution ordered immediately payable. Accordingly, the government sought writs of garnishment. Those writs were issued on June 16, 2004, and September 23, 2004. See Writs of Garnishment attached to the Lair Declaration as Exhibits E and F. Defendant and the garnishee were served with the writs as shown by the U.S. Marshal's Return of Service in the Court's file. The garnishee, 3M Voluntary Investment Plan and Employee Stock Ownership Plan, answered the writs, stating that it holds funds, belonging to defendant, sufficient to pay the sums sought in the writs. See Answers of Garnishee, attached as Exhibits G and H to the Lair Declaration.

On October 25, 2004, defendant filed objections to the Writs and sought to have venue of the garnishment transferred to South Dakota where he is incarcerated. See Letter to Clerk of Court,

dated October 25, 2004, attached as Exhibit I to the Lair Declaration.

On January 7, 2005, the United States responded to the request to transfer venue. See Response to Request to Transfer Venue, filed January 7, 2005. On January 11, 2005, the Court entered a briefing schedule, requiring responses from defendant by February 15, 2005, and from the government by March 5, 2005. See Order of January 11, 2005.

DISCUSSION

Defendant's "Commercial Affidavit" has 23 separate paragraphs, in which defendant sets forth the many reasons why he believes garnishment of his 401(k) is improper. First, he claims that his 401(k) cannot be alienated under the Employee Retirement Income Security Act ("ERISA"). Commercial Affidavit at ¶¶ 1 and 2. See 29 U.S.C. 1056(d)(1). Second, he asserts that the Court lacks venue and jurisdiction. Commercial Affidavit at ¶ 3. Third, he alleges that an unspecified Minnesota statute prohibits attachment of the 401(k). See Commercial Affidavit at ¶ 5. Fourth, he contends that his 401(k) cannot be garnished because the government failed to comply with statutes defendant asserts are applicable to this matter. See ¶¶ 14-21. Lastly, he appears to argue that the government has not complied with applicable garnishment procedures.

Commercial Affidavit at ¶¶ 3-4, 6-13, 22-23. Defendant is wrong on all counts.

1. Garnishment of the 401(k) is not barred by ERISA.

Defendant's contention that ERISA's anti-alienation provisions exempt his 401(k) from enforced collection is simply wrong. Property exempt from collection to pay criminal monetary penalties is limited by federal criminal statute. Pursuant to 18 U.S.C. § 3613(a), only those exemptions found at 26 U.S.C. §§ 6334(a)(1)-(8), (10) and (12) are applicable to criminal collections. See United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002)(noting that language of § 3613 and its legislative history make clear that government may enforce collection of restitution against all property except that listed in subsection (a)). The exemptions include wearing apparel and schoolbooks; fuel, furniture and personal effects up to statutory limits; books and tools of the trade; unemployment benefits; undelivered mail; certain railroad and military annuity and pension payments; worker's compensation benefits; child support; service-connected disability payments; and certain job training benefits. Under 15 U.S.C. § 1673, certain portions of wages are also exempt. None of the exemptions, however, including those relating to railroad and military annuity and pension benefits, applies to an interest in a 401(k) benefit plan of the type owed by defendant through a private employer like 3M. See

Rice, 196 F.Supp.2d at 1199 (detailing types of pensions and annuities exempt from execution).

Because an interest in an ERISA-qualified plan does not fit within any of the exemptions of § 3613(a), ERISA does not bar garnishment of a 401(k) pension plan to pay criminal restitution. United States v. Sowada, 2003 WL 22902613 (E.D. La. 2003). The government properly garnished the funds in defendant's 3M pension plan. See United States v. James, 312 F.Supp.2d 802 (E.D. Va. 2004); United States v. Garcia, 2003 WL 22594362 (D. Kan. 2003).

2. This Court has jurisdiction and venue.

It is without doubt that this Court has jurisdiction over this garnishment proceeding as defendant was sentenced in this Court and jurisdiction has not been transferred. It is equally clear that venue over this garnishment proceeding is proper in the District of Minnesota.

Although defendant claims that venue is appropriate in South Dakota where he is incarcerated, his contention is in error. "A person retains the domicile he had at the time of incarceration." Wright & Miller, Fed. Prac. & Proc. Juris. 2nd, Vol. 13B, § 3618 (2004 Supp.). That is so because prisoner "does not acquire a new domicile" when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir.), cert. denied, 431 U.S. 941 1977), citing cases. See also Bontkowski v. Smith, 305 F.3d 757

(7th Cir. 2002); Sanchez v. Sanchez, 30 Fed.Appx. 769 (10th Cir. 2002); Tumminello v. Bergen Evening Record, 454 F.Supp. 1156 (D.N.J. 1978). The reason for this traditional rule is straightforward: change of domicile is a voluntary act while the legal compulsion of incarceration is involuntary. Jones, 552. F.2d at 250.

In order to show that he has acquired a new domicile in the district of incarceration, a prisoner must show "truly exceptional circumstances." Id. at 251. There must be more than "unsubstantiated declarations" that the prisoner has acquired a new domicile. Id. That means that the prisoner must come forth with facts indicating a bona fide new residence and negating residence in the district in which he lived prior to incarceration. Id.

Here, defendant has failed to show such truly exceptional circumstances. At the time of sentencing, he resided at 71 McCloud Street, Ortonville, Minnesota, with his wife. See Judgment and Commitment Order at p. 1. He remains the owner of a home at that address according to public records. See Asset Investigation dated November 30, 2004, attached as Exhibit J to the Lair Declaration. Thus, although defendant is incarcerated in South Dakota, his domicile remains in this District. Venue is proper here.

3. None of the other statutes cited by defendant bars garnishment here.

Defendant cites a number of statutes which he apparently feels

bars garnishment of his 401(k). See Commercial Affidavit at ¶¶ 5, 14-21. None, however, is applicable here.

First, he asserts that an unspecified Minnesota statute prohibits collection from his 401(k). Commercial Affidavit at ¶ 5. Even had defendant cited a specific state statute, his assertion fails. This restitution debt is being collected as a matter of federal criminal law, pursuant to federal criminal statute. In 18 U.S.C. § 3613(a), Congress made all of a criminal defendant's property available to pay restitution, with only the limited exemptions set forth therein. Rice, 196 F.Supp.2d at 1201. Minnesota law plays no role in determining the exemptions here.

Defendant also claims that a variety of federal statutes bar garnishment here. Commercial Affidavit at ¶¶ 14-20. None, however, is applicable. For example, defendant claims that no notice was afforded in accordance with 5 U.S.C. § 553. That statute is inapplicable; it deals only with the procedural requirements for rulemaking when a federal agency is delegated the power to make law through regulations. See Marshall v. W & W Steel Co., Inc., 604 F.2d 1322 (10th Cir. 1979). Defendant next cites 44 U.S.C. §§ 1505(a) and (b)and 1510. Commercial Affidavit at ¶¶ 15-17. Those sections are likewise inapplicable to this garnishment. They set forth the types of documents which must be published in the Federal Register, including presidential proclamations and orders and documents authorized to be published with presidential

approval, 44 U.S.C. §§ 1505(a) and (b), and the manner in which the Federal Register is to be bound and published. 44 U.S.C. § 1510.

Defendant also asserts that 26 U.S.C. § 7805(a) also bars garnishment. Commercial Affidavit at ¶ 18. That statute governs the Internal Revenue Service and its agents, officers and employees. It is wholly inapplicable here as the government is collecting restitution pursuant to criminal statute, not taxes pursuant to the Internal Revenue Code. The Code is referenced in 18 U.S.C. § 3613(a) only because Congress borrowed a limited number of its exemptions. See 18 U.S.C. § 3613(a)(1). See also Garcia, 2003 WL at 22594362. The same is true for defendant's other references to the Internal Revenue Code, 26 U.S.C. §§ 7201 and 7212. Commercial Affidavit at ¶ 19. Section 7201 makes it a felony to attempt to evade or defeat taxes; § 7212 makes it a crime to interfere with the administration of federal tax laws. Likewise, defendant's reference to United States v. Reinis, 794 F.2d 506 (9th Cir. 1986), does not advance his cause. That case reviewed the criminal conviction of a person charged with currency reporting violations under 31 U.S.C. § 5313(a) and not with enforced collection of a restitution debt.

Defendant next cites 42 U.S.C. § 1983 and 18 U.S.C. §§ 242 and 245 as apparent bars to garnishment. Clearly, § 1983 is inapplicable to this garnishment undertaken by the federal government as it applies, by its terms, only to state action. See

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982). Sections 242 and 245 are equally inapplicable as they deal with, respectively, the deprivation of federal rights under color of law based on race color or alienage and the interference with the participation in federally protected activities on account of race, color, religion or national origin.

Lastly, UCC1-207, also cited by defendant, does nothing to prevent garnishment of his 401(k). See Commercial Affidavit at ¶ 21. The UCC governs commercial transactions, not collection of criminal monetary penalties. Simply put, none of the state or federal statutes cited by defendant bars garnishment here.

4. The government complied with the garnishment statutes.

Defendant makes a variety of assertions regarding power of attorney, debt collector disclosure statements, secured interests, intervention, revocation of signatures, capacity and commercial liability. Commercial Affidavit at ¶¶ 3-4, 5-13, 22-23. None of these assertions bars collection as the asset the government seeks is not exempt and because the government complied with all requirements for garnishment.

The Federal Debt Collection Procedures Act ("FDCPA") establishes the process the government uses to obtain post-judgment garnishment against a defendant debtor's property. See 28 U.S.C. § 3001 et seq. Under the statutory procedures, the government makes a demand for payment on the defendant and, if defendant fails

to pay within 30 days of the demand, the government may seek to enforce collection through a writ of garnishment. See 28 U.S.C. § 3205(b)(1)(B). Included in the application for the writ are identifying information about the defendant, the nature and amount of the debt, the failure of the debtor to pay upon demand, and the garnishee who is believed to hold non-exempt property of the defendant. 28 U.S.C. § 3205(b)(1). If the requirements of §3205(b) are met, the court issues the writ in the form set forth at § 3205(c). The writ is then served on both the defendant and the garnishee, along with instructions on how the garnishee should answer the writ and how the defendant can object to the answer and obtain a hearing. 28 U.S.C. § 3205(c)(3).

Here, the government made the appropriate demand. See Exhibit C to the Lair Declaration. When defendant thereafter failed to pay as ordered in the Judgment and Commitment Order, the government applied for writs of garnishment for the special assessments and the $10,000 in restitution payable immediately. See Exhibits E and F to the Lair Declaration. The Court then determined that the requirements for garnishment had been met and issued the writs which were personally served on defendant and the garnishee as shown by the U.S. Marshal's Returns of Service in the Court's file. The garnishee has answered. See Exhibits G and H to the Lair Declaration. Defendant's objections to the answers of the garnishee are now before the Court for hearing.

All statutory requirements for garnishment have been met and defendant's due process rights are vindicated by this hearing. His assertions that more procedures are required here are mistaken. Likewise, his claims that he does not see "any law authorizing the Officers" to "make legal determination" for him, id. at ¶ 22, and "why the Officers are not commercially liable" under the authorities cited, id. at ¶ 23, fail for the same reasons. The actions taken to garnish defendant's 401(k) were done in accordance with federal law and the defendant has been given all notice and process due him. His claims of error are simply wrong.

5. Defendant owes the sums alleged.

Although defendant's Commercial Affidavit does not raise the claim that he does not owe the sums alleged, his initial objections indicated that he did not owe the debt the government seeks to collect. He is mistaken.

Judgment was entered against defendant on December 16, 2004, in the amount of $3,500 in special assessments and $201,077.99 in restitution. See Judgment and Commitment Order attached as Exhibit A to the Lair Declaration. To date, defendant has made only minimal payments. See Payment History attached as Exhibit B to the Lair Declaration. In his Commercial Affidavit, defendant, who bears the burden of proof on his objections, see 28 U.S.C. 3205(c)(5), failed to come forth with evidence of any additional payments, nor has he shown that the restitution debt has been set

aside or modified post-conviction. Accordingly, this objection must also fail.

CONCLUSION

Defendant has not met his burden of proof to show that the garnishments here are inappropriate. None of the statutes he cites or the assertions he makes bars garnishment. Accordingly, the Court should enter the attached orders for garnishment of defendant's 401(k) for the sums set forth in the writs.

Dated: March 1, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Attorneys for Plaintiff