# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-1027 CR02-151 JNE/RLE

United States of America, * 
 *
Appellee, * Appeal from the United States
 * District Court for the District
v. * of Minnesota.
 *
Roger Leigh Oehler, * [UNPUBLISHED]
 *
Appellant. *

Submitted: November 16, 2004
Filed: November 23, 2004

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

PER CURIAM.

Roger Leigh Oehler created and presented more than $2.4 million in false sight drafts drawn on the United States Treasury. Oehler also filed false Internal Revenue Service forms on government employees and other individuals. The Government charged Oehler with presenting fictitious obligations with intent to defraud the United States and with making false statements. At Oehler's arraignment, he sought to represent himself. The magistrate judge warned Oehler about the dangers of his decision and asked Oehler several questions. Oehler responded coherently. The magistrate judge appointed standby counsel to help Oehler in his defense.

SCANNED
MAR 07 2005
U.S. DISTRICT COURT ST. PAUL

Two days later, another magistrate judge held a hearing to confirm Oehler's waiver of his right to counsel was knowing and voluntary. See Faretta v. California, 422 U.S. 806 (1975). The magistrate judge conducted an extended inquiry of Oehler and found he had knowingly, intelligently, unequivocally, and voluntarily waived his right to counsel. Later, at a hearing on the government's bond revocation motion, the same magistrate judge found that although Oehler was claiming to be the "secured party" of the defendant and making legally frivolous arguments, Oehler was not mentally incompetent but instead performing incantations of the tax protest movement. Oehler stated he had never sought psychiatric treatment or suffered from mental illness, and showed an adequate understanding of the criminal process. The magistrate judge then made a sua sponte finding that Oehler was competent to stand trial, stating that given the totality of the circumstances, there was no reasonable cause to believe Oehler was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he could not understand the nature and consequences of the proceedings against him or to assist properly in his defense.

At trial, Oehler represented himself with assistance from standby counsel. Oehler acted appropriately throughout the trial. After Oehler's conviction, a psychologist met twice with Oehler and concluded that at the time of the evaluation, Oehler was suffering from a delusional disorder limited to the actions underlying his crimes. The psychologist gave no opinion about whether Oehler suffered from delusions at the time of his crimes or at the time of his trial, or about Oehler's competence to represent himself, to stand trial, or face sentencing. The district court* requested a further psychiatric evaluation of Oehler for sentencing purposes. Oehler was not found to be delusional and the evaluator stated Oehler's functioning did not appear to be impaired to any great extent. Oehler moved for a new trial arguing his

*The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

mental condition prevented him from making a knowing waiver of his right to counsel. The district court denied the motion and sentenced Oehler to thirty-three months in prison.

On appeal, Oehler contends the district court should not have allowed him to waive his right to counsel because he was mentally incompetent to waive the right. Oehler claims he was incompetent because he made certain statements that were nonsense. The district court's finding that Oehler was competent to waive his right to counsel was not clearly erroneous. Oehler's nonsensical statements were simply tax protester rhetoric. The district court examined Oeheler at length before finding he knowingly and voluntarily waived his right to counsel. The magistrate judge confirmed Oehler was educated and intelligent, understood the charges against him, had a basic understanding of the criminal process, and had the ability to communicate effectively with stand-by counsel and others. We cannot say a reasonable judge, in the same situation as the trial court, should have doubted Oehler's competence. Branscomb v. Norris, 47 F.3d 258, 261 (8th Cir. 1995).

Oehler also argues his standby counsel failed to effectively assist him when he failed to seek a mental competency examination before trial. Ineffective assistance claims should ordinarily be raised under 28 U.S.C. § 2255 in collateral proceedings where an appropriate record may be developed. United States v. Leisure, 377 F.3d 910, 917 n.2 (8th Cir. 2004). We thus decline to consider Oehler's ineffective assistance claim on direct appeal. See id.

Accordingly, we affirm the district court.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans