# Notice for Competency and Incompetence, Revocation of power of Attorney, Firing all Persons below and Demand to cease and desist.

**From:** Roger Leigh Oehler
C/o 71 Mc Cloud Street
Ortonville, Minnesota 56278

CR 02-151 JNE/RLE

**To:** All Agents, Administrators, acting as third party titled persons.

*Equality under the Law is PARAMOUNT, and Mandatory by law.*

I am competent to handle my own affairs. A sovereign cannot be tried or sued in his/her own court.

I am accepting all documented matters as recorded by the below listed, past, present or future with the person named ROGER LEIGH OEHLER, ROGER OEHLER or any other derivative and everything stated as true. I am returning all documented recorded past, present and future matters to you for discharge and closure.

To all BAR members and/or 3rd party agents acting in/and for the following;

1. The CROWN OF ENGLAND et. al.
2. The UNITED NATIONS et. al.
3. The UNITED STATES et. al. and/or the united States of America
4. The TREASURY OF THE UNITED STATES et. al.
5. THE FEDERAL RESERVE et. al.
6. The BUREAU OF ALCOHOL AND FIREARMS et. al.
7. The FEDERAL BUREAU OF INVESTIGATION et. al.
8. The UNITED STATES POSTAL SERVICE et. al.
9. The FEDERAL BUREAU OF PRISONS et. al.
10. The FIFTH U.S. ARMY et. al.
11. THE STATE OF TEXAS et. al.
12. The County of Big Stone Corporate Government et. al.
13. The Municipality of the City of Ortonville et. al.
14. Raymond L Erickson, Judge et. al.
15. Joan N. Ericksen, Judge et. al.
16. Thomas B. Heffelfinger US Attorney et. al.
17. Mary L. Trippler A US Attorney et. al.
18. County Sheriff et. al.

I, Roger Leigh Oehler, now and forever, declare all the 3rd party Agents for the above so named as incompetent and I presently and permanently revoke their power of attorney for representing or making any legal determinations for me in any of my affairs. You are now Fired. Return the voucher to me immediately.

It is hereby Demanded and ordered by the Sovereign, Roger Leigh Oehler, that all parties Cease and Desist all past, present and future actions and those trespassing on the Land of Minnesota without specific permission from the people's Certified Republic Government are demanded to leave this Land or be subject to the Sovereign Texian people's courts.

This the 3rd day of March 2005 by me Roger Leigh Oehler ____seal:

owner, principal, surety

______________ Witness

______________ Witness

"I don't know who you are. I never wrote to you. You have got to be a 3rd-party debt collector without first hand knowledge trying to get involved in my commercial affairs. I am returning this to you and you are hereby fired from anything to do with my commercial affairs".

March 4th, 2005
Roger Leigh Oehler
503 543467

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 (JNE/RLE)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGER LEIGH OEHLER,

Defendant,

and

3M VOLUNTARY INVESTMENT AND EMPLOYEE STOCK OWNERSHIP PLAN,

Garnishee.

PLAINTIFF'S REPLY TO DEFENDANT'S COMMERCIAL AFFIDAVIT FILED IN CONNECTION WITH GARNISHMENT OF DEFENDANT'S 401(K) ACCOUNT

This matter is before the Court on defendant's objections to garnishment of his 401(k). Through his "Commercial Affidavit," filed February 15, 2005, defendant objects on a number of grounds, none of which has merit. For the reasons set forth below, defendant's objections should be overruled. Instead, an order should be entered, directing the garnishee to pay the garnished 401(k) funds to the United States to be used for restitution.

FACTS

On December 16, 2003, defendant was sentenced to 33 months in prison and was ordered to pay $201,077.99 in restitution and $3,500 in special assessments. See Judgment and Commitment Order of December 16, 2003, attached as Exhibit A to the Declaration of Nancy Lair. A lump sum of $10,000 in restitution and the $3,500 in special assessments were ordered payable immediately. Id.

Defendant failed to pay the $10,000 lump sum restitution and the $3,500 in special assessments as ordered by the Court. See Payment History attached as Exhibit B to the Lair Declaration. Therefore, the government sent defendant a demand, telling him that statutory penalties were being assessed and that, if defendant failed to pay the debt as ordered, the government would pursue enforced collection. See Delinquency Notice of March 1, 2004, attached as Exhibit C to the Lair Declaration; Default Notice of June 10, 2004, attached as Exhibit D to the Lair Declaration.

Despite notice, defendant failed to pay his special assessments and the $10,000 in restitution ordered immediately payable. Accordingly, the government sought writs of garnishment. Those writs were issued on June 16, 2004, and September 23, 2004. See Writs of Garnishment attached to the Lair Declaration as Exhibits E and F. Defendant and the garnishee were served with the writs as shown by the U.S. Marshal's Return of Service in the Court's file. The garnishee, 3M Voluntary Investment Plan and Employee Stock Ownership Plan, answered the writs, stating that it holds funds, belonging to defendant, sufficient to pay the sums sought in the writs. See Answers of Garnishee, attached as Exhibits G and H to the Lair Declaration.

On October 25, 2004, defendant filed objections to the Writs and sought to have venue of the garnishment transferred to South Dakota where he is incarcerated. See Letter to Clerk of Court,

dated October 25, 2004, attached as Exhibit I to the Lair Declaration.

On January 7, 2005, the United States responded to the request to transfer venue. See Response to Request to Transfer Venue, filed January 7, 2005. On January 11, 2005, the Court entered a briefing schedule, requiring responses from defendant by February 15, 2005, and from the government by March 5, 2005. See Order of January 11, 2005.

DISCUSSION

Defendant's "Commercial Affidavit" has 23 separate paragraphs, in which defendant sets forth the many reasons why he believes garnishment of his 401(k) is improper. First, he claims that his 401(k) cannot be alienated under the Employee Retirement Income Security Act ("ERISA"). Commercial Affidavit at ¶¶ 1 and 2. See 29 U.S.C. 1056(d)(1). Second, he asserts that the Court lacks venue and jurisdiction. Commercial Affidavit at ¶ 3. Third, he alleges that an unspecified Minnesota statute prohibits attachment of the 401(k). See Commercial Affidavit at ¶ 5. Fourth, he contends that his 401(k) cannot be garnished because the government failed to comply with statutes defendant asserts are applicable to this matter. See ¶¶ 14-21. Lastly, he appears to argue that the government has not complied with applicable garnishment procedures.

Commercial Affidavit at ¶¶ 3-4, 6-13, 22-23. Defendant is wrong on all counts.

1. Garnishment of the 401(k) is not barred by ERISA.

Defendant's contention that ERISA's anti-alienation provisions exempt his 401(k) from enforced collection is simply wrong. Property exempt from collection to pay criminal monetary penalties is limited by federal criminal statute. Pursuant to 18 U.S.C. § 3613(a), only those exemptions found at 26 U.S.C. §§ 6334(a)(1)-(8), (10) and (12) are applicable to criminal collections. See United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002)(noting that language of § 3613 and its legislative history make clear that government may enforce collection of restitution against all property except that listed in subsection (a)). The exemptions include wearing apparel and schoolbooks; fuel, furniture and personal effects up to statutory limits; books and tools of the trade; unemployment benefits; undelivered mail; certain railroad and military annuity and pension payments; worker's compensation benefits; child support; service-connected disability payments; and certain job training benefits. Under 15 U.S.C. § 1673, certain portions of wages are also exempt. None of the exemptions, however, including those relating to railroad and military annuity and pension benefits, applies to an interest in a 401(k) benefit plan of the type owed by defendant through a private employer like 3M. See Rice, 196 F.Supp.2d at 1199 (detailing types of pensions

and annuities exempt from execution).

Because an interest in an ERISA-qualified plan does not fit within any of the exemptions of § 3613(a), ERISA does not bar garnishment of a 401(k) pension plan to pay criminal restitution. United States v. Sowada, 2003 WL 22902613 (E.D. La. 2003). The government properly garnished the funds in defendant's 3M pension plan. See United States v. James, 312 F.Supp.2d 802 (E.D. Va. 2004); United States v. Garcia, 2003 WL 22594362 (D. Kan. 2003).

2. This Court has jurisdiction and venue.

It is without doubt that this Court has jurisdiction over this garnishment proceeding as defendant was sentenced in this Court and jurisdiction has not been transferred. It is equally clear that venue over this garnishment proceeding is proper in the District of Minnesota.

Although defendant claims that venue is appropriate in South Dakota where he is incarcerated, his contention is in error. "A person retains the domicile he had at the time of incarceration." Wright & Miller, Fed. Prac. & Proc. Juris. 2nd, Vol. 13B, § 3618 (2004 Supp.). That is so because prisoner "does not acquire a new domicile" when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir.), cert. denied, 431 U.S. 941 1977), citing cases. See also Bontkowski v. Smith, 305 F.3d 757 (7th Cir. 2002); Sanchez v. Sanchez, 30 Fed.Appx. 769 (10th Cir.

2002); Tumminello v. Bergen Evening Record, 454 F.Supp. 1156 (D.N.J. 1978). The reason for this traditional rule is straightforward: change of domicile is a voluntary act while the legal compulsion of incarceration is involuntary. Jones, 552. F.2d at 250.

In order to show that he has acquired a new domicile in the district of incarceration, a prisoner must show "truly exceptional circumstances." Id. at 251. There must be more than "unsubstantiated declarations" that the prisoner has acquired a new domicile. Id. That means that the prisoner must come forth with facts indicating a bona fide new residence and negating residence in the district in which he lived prior to incarceration. Id.

Here, defendant has failed to show such truly exceptional circumstances. At the time of sentencing, he resided at 71 McCloud Street, Ortonville, Minnesota, with his wife. See Judgment and Commitment Order at p. 1. He remains the owner of a home at that address according to public records. See Asset Investigation dated November 30, 2004, attached as Exhibit J to the Lair Declaration. Thus, although defendant is incarcerated in South Dakota, his domicile remains in this District. Venue is proper here.

3. None of the other statutes cited by defendant bars garnishment here.

Defendant cites a number of statutes which he apparently feels

bars garnishment of his 401(k). See Commercial Affidavit at ¶¶ 5, 14-21. None, however, is applicable here.

First, he asserts that an unspecified Minnesota statute prohibits collection from his 401(k). Commercial Affidavit at ¶ 5. Even had defendant cited a specific state statute, his assertion fails. This restitution debt is being collected as a matter of federal criminal law, pursuant to federal criminal statute. In 18 U.S.C. § 3613(a), Congress made all of a criminal defendant's property available to pay restitution, with only the limited exemptions set forth therein. Rice, 196 F.Supp.2d at 1201. Minnesota law plays no role in determining the exemptions here.

Defendant also claims that a variety of federal statutes bar garnishment here. Commercial Affidavit at ¶¶ 14-20. None, however, is applicable. For example, defendant claims that no notice was afforded in accordance with 5 U.S.C. § 553. That statute is inapplicable; it deals only with the procedural requirements for rulemaking when a federal agency is delegated the power to make law through regulations. See Marshall v. W & W Steel Co., Inc., 604 F.2d 1322 (10th Cir. 1979). Defendant next cites 44 U.S.C. §§ 1505(a) and (b)and 1510. Commercial Affidavit at ¶¶ 15-17. Those sections are likewise inapplicable to this garnishment. They set forth the types of documents which must be published in the Federal Register, including presidential proclamations and orders and documents authorized to be published with presidential

approval, 44 U.S.C. §§ 1505(a) and (b), and the manner in which the Federal Register is to be bound and published. 44 U.S.C. § 1510.

Defendant also asserts that 26 U.S.C. § 7805(a) bars garnishment. Commercial Affidavit at ¶ 18. That statute governs the Internal Revenue Service and its agents, officers and employees. It is wholly inapplicable here as the government is collecting restitution pursuant to criminal statute, not taxes pursuant to the Internal Revenue Code. The Code is referenced in 18 U.S.C. § 3613(a) only because Congress borrowed a limited number of its exemptions. See 18 U.S.C. § 3613(a)(1). See also Garcia, 2003 WL at 22594362. The same is true for defendant's other references to the Internal Revenue Code, 26 U.S.C. §§ 7201 and 7212. Commercial Affidavit at ¶ 19. Section 7201 makes it a felony to attempt to evade or defeat taxes; § 7212 makes it a crime to interfere with the administration of federal tax laws. Likewise, defendant's reference to United States v. Reinis, 794 F.2d 506 (9th Cir. 1986), does not advance his cause. That case reviewed the criminal conviction of a person charged with currency reporting violations under 31 U.S.C. § 5313(a) and not with enforced collection of a restitution debt.

Defendant next cites 42 U.S.C. § 1983 and 18 U.S.C. §§ 242 and 245 as apparent bars to garnishment. Clearly, § 1983 is inapplicable to this garnishment undertaken by the federal government as it applies, by its terms, only to state action. See

Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 924 (1982). Sections 242 and 245 are equally inapplicable as they deal with, respectively, the deprivation of federal rights under color of law based on race color or alienage and the interference with the participation in federally protected activities on account of race, color, religion or national origin.

Lastly, UCC1-207, also cited by defendant, does nothing to prevent garnishment of his 401(k). See Commercial Affidavit at ¶ 21. The UCC governs commercial transactions, not collection of criminal monetary penalties. Simply put, none of the state or federal statutes cited by defendant bars garnishment here.

4. The government complied with the garnishment statutes.

Defendant makes a variety of assertions regarding power of attorney, debt collector disclosure statements, secured interests, intervention, revocation of signatures, capacity and commercial liability. Commercial Affidavit at ¶¶ 3-4, 5-13, 22-23. None of these assertions bars collection as the asset the government seeks is not exempt and because the government complied with all requirements for garnishment.

The Federal Debt Collection Procedures Act ("FDCPA") establishes the process the government uses to obtain post-judgment garnishment against a defendant debtor's property. See 28 U.S.C. § 3001 et seq. Under the statutory procedures, the government makes a demand for payment on the defendant and, if defendant fails

to pay within 30 days of the demand, the government may seek to enforce collection through a writ of garnishment. See 28 U.S.C. § 3205(b)(1)(B). Included in the application for the writ are identifying information about the defendant, the nature and amount of the debt, the failure of the debtor to pay upon demand, and the garnishee who is believed to hold non-exempt property of the defendant. 28 U.S.C. § 3205(b)(1). If the requirements of §3205(b) are met, the court issues the writ in the form set forth at § 3205(c). The writ is then served on both the defendant and the garnishee, along with instructions on how the garnishee should answer the writ and how the defendant can object to the answer and obtain a hearing. 28 U.S.C. § 3205(c)(3).

Here, the government made the appropriate demand. See Exhibit C to the Lair Declaration. When defendant thereafter failed to pay as ordered in the Judgment and Commitment Order, the government applied for writs of garnishment for the special assessments and the $10,000 in restitution payable immediately. See Exhibits E and F to the Lair Declaration. The Court then determined that the requirements for garnishment had been met and issued the writs which were personally served on defendant and the garnishee as shown by the U.S. Marshal's Returns of Service in the Court's file. The garnishee has answered. See Exhibits G and H to the Lair Declaration. Defendant's objections to the answers of the garnishee are now before the Court for hearing.

All statutory requirements for garnishment have been met and defendant's due process rights are vindicated by this hearing. His assertions that more procedures are required here are mistaken. Likewise, his claims that he does not see "any law authorizing the Officers" to "make legal determination" for him, id. at ¶ 22, and "why the Officers are not commercially liable" under the authorities cited, id. at ¶ 23, fail for the same reasons. The actions taken to garnish defendant's 401(k) were done in accordance with federal law and the defendant has been given all notice and process due him. His claims of error are simply wrong.

5. Defendant owes the sums alleged.

Although defendant's Commercial Affidavit does not raise the claim that he does not owe the sums alleged, his initial objections indicated that he did not owe the debt the government seeks to collect. He is mistaken.

Judgment was entered against defendant on December 16, 2004, in the amount of $3,500 in special assessments and $201,077.99 in restitution. See Judgment and Commitment Order attached as Exhibit A to the Lair Declaration. To date, defendant has made only minimal payments. See Payment History attached as Exhibit B to the Lair Declaration. In his Commercial Affidavit, defendant, who bears the burden of proof on hi5s objections, see 28 U.S.C. 3205(c)(5), failed to come forth with evidence of any additional payments, nor has he shown that the restitution debt has been set

aside or modified post-conviction. Accordingly, this objection must also fail.

CONCLUSION

Defendant has not met his burden of proof to show that the garnishments here are inappropriate. None of the statutes he cites or the assertions he makes bars garnishment. Accordingly, the Court should enter the attached orders for garnishment of defendant's 401(k) for the sums set forth in the writs.

Dated: March 1, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Attorneys for Plaintiff

## Other Documents

0:02-cr-00151-JNE-RLE USA v. Oehler **CASE CLOSED on 12/16/2003**

**U.S. District Court**

**District of Minnesota**

Notice of Electronic Filing

The following transaction was entered on 3/1/2005 at 3:46 PM CST and filed on 3/1/2005

**Case Name:** USA v. Oehler
**Case Number:** 0:02-cr-151
**Filer:** United States of America
**Document Number:** 135

**Docket Text:**
RESPONSE by United States of America re [132] Order,, [134] Affidavit *to Defendant's Commercial Affidavit Filed in Connection with Garnishment of Defendant's 401(k) Account* (Trippler, Mary)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1051215216 [Date=3/1/2005] [FileNumber=502290-0]
[38f151151499cd110940d0aaffbc54d503efea69f4eab6dc5c00c860c2bb8c25e8dc1
d54e4d707c990375f6afa1f78538e138e8f6ebb4db7abb91ebb39125c53]]

**0:02-cr-151-1 Notice will be electronically mailed to:**

Michael L Cheever michael.cheever@usdoj.gov, allison.berg@usdoj.gov;usamnecf.criminal@usdoj.gov

Kurt B Glaser KurtGlaser@GlaserLaw.net, LisaWickey@GlaserLaw.net

Mary L Trippler mary.trippler@usdoj.gov, muriel.holland@usdoj.gov;usamnecf.civil@usdoj.gov

**0:02-cr-151-1 Notice will be delivered by other means to:**

3M Voluntary Investment Plan and Employee Stock Ownership Plan
3M Center
Building 224-2W-15
St. Paul, MN 55144

Roger Leigh Oehler
71 McCloud Street
Ortonville, MN 56278

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant,<br><br>and<br><br>3M VOLUNTARY INVESTMENT PLAN AND EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Garnishee. | **DECLARATION OF NANCY LAIR** |

Nancy Lair, Financial Litigation Agent, makes the following declaration in support of plaintiff's Response to Request for Transfer of Jurisdiction.

1. I am a Financial Litigation Agent in the U.S. Attorney's Office and am one of the agents responsible for collection of this debt arising from criminal monetary penalties. I make this declaration from my own knowledge and upon review of the collection file in the above-entitled matter. If called to testify, I would state the following.

2. Attached is a true and correct copy of the Judgment and Commitment Order imposed on December 16, 2003, as exhibit A.

3. Attached is a true and correct copy of Roger Oehler's payment history, as exhibit B.

4. Attached is a true and correct copy of the Delinquency Notice dated March 1, 2004, as exhibit C.

5. Attached is a true and correct copy of the Default Notice dated June 10, 2004, as exhibit D.

6. Attached is a true and correct copy of the Writ of Garnishment dated June 16, 2004, as exhibit E.

7. Attached is a true and correct copy of the Writ of Garnishment dated September 23, 2004, as exhibit F.

8. Attached is a true and correct copy of the Answer of the Garnishee 3M Company, as exhibit G.

9. Attached is a true and correct copy of the Answer of the Garnishee 3M Voluntary Investment Plan and Employee Stock Ownership Plan, as exhibit H.

10. Attached is a true and correct copy of the letter to the Clerk of Court dated October 25, 2004, as exhibit I.

11. Attached is a true and correct copy of the ChoicePoint asset investigation dated on November 30, 2004, as exhibit J.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 3/1/05

s/ Nancy Lair

BY: NANCY LAIR
Financial Litigation Agent

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant,<br><br>and<br><br>3M VOLUNTARY INVESTMENT PLAN AND EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Garnishee. | **EXHIBIT LIST A - J** |

Exhibit A - Copy of Judgment and Commitment Order imposed on December 16, 2003

Exhibit B - Roger Oehler's payment history

Exhibit C - Delinquency Notice dated March 1, 2004

Exhibit D - Default Notice dated June 10, 2004

Exhibit E - Writ of Garnishment dated June 16, 2004

Exhibit F - Writ of Garnishment dated September 23, 2004

Exhibit G - Answer of the Garnishee 3M Company dated October 15, 2004

Exhibit H - Answer of the Garnishee 3M Voluntary Investment Plan and Employee Stock Ownership Plan dated October 15, 2004

Exhibit I - Letter to Clerk of Court dated October 25, 2004

Exhibit J - ChoicePoint asset investigation dated on November 30, 2004

Dated: March 1, 2005

THOMAS B. HEFFELFINGER
United States Attorney

s/ M. Trippler

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case

# United States District Court

District of Minnesota

UNITED STATES OF AMERICA
v.
ROGER LEIGH OEHLER

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)
Case Number: 02CR151 (JNE/RLE)

STEVEN M. TALLEN
Defendant's Attorney

033 IRS PAIIC

THE DEFENDANT:

[] pleaded guilty to count(s): .
[] pleaded nolo contendere to counts(s) which was accepted by the Court.
[x] was found guilty on counts 1-35 after a plea of not guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:514(a)(2) | Fictitious Obligations | 10-12-99 | 1-5, 7-10, 12-14, 16-19, 22-35 |
| 26:7206(1) | False Statements | 10-12-99 | 6, 11, 15, 20, 21 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on counts(s) .
[] Count(s) (is)(are) dismissed on the motion of the United States.

Special Assessment Amount $3,500 in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: [redacted]-3467
Defendant's Date of Birth: 3-27-46
Defendant's USM No.: 10455-041

Defendant's Residence Address:
[redacted]
Ortonville, MN 56278
Defendant's Mailing Address (if different from residence address):
Same

December 16, 2003
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

JOAN N. ERICKSEN, United States District Judge
Name & Title of Judicial Officer

12-17-03
Date

A true copy in 7 sheet(s)
of the record in my custody.
Certified 12-17, 2003
by [signature]
Deputy Clerk

DEC 17 2003
Richard D. Slet...
Judgment Entd...
Deputy Clerk...

GOVERNMENT EXHIBIT A

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

DEFENDANT: ROGER LEIGH OEHLER
CASE NUMBER: 02CR151 (JNE/RLE)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **thirty-three (33) months on each of Counts 1-35, to be served concurrently**.

[x] The Court makes the following recommendations to the Bureau of Prisons:
**Court recommends defendant be confined at the Federal Institution in Yankton, South Dakota. Defendant participate in the Inmate Financial Responsibility Program while incarcerated.**

[x] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ____________________ to ____________________________

at ________________________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

DEFENDANT: ROGER LEIGH OEHLER
CASE NUMBER: 02CR151 (JNE/RLE)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years each as to Counts 1-5, 7-10, 12-14, 16-19, and 22-35 and one (1) years each as to Counts 6, 11, 15, 20, and 21 to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

*The defendant shall not commit another federal, state, or local crime.*

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[x] The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: ROGER LEIGH OEHLER
CASE NUMBER: 02CR151 (JNE/RLE)

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d Because the instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

e The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the probation officer.

f The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

g The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

h The defendant shall cooperate fully and completely with the Internal Revenue Service (IRS) in the calculation and collection of civil tax liabilities, interest, and penalties.

DEFENDANT: ROGER LEIGH OEHLER
CASE NUMBER: 02CR151 (JNE/RLE)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Fine | Restitution |
|---|---|---|
| Totals: | **$0** | **$201,077.99** |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

[] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**

| Name and Address of Payee | Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Citibank Visa, Account Number 5424-1801-6180-3918, P. O. Box 6000, The Lakes, Nevada 88901-6018 | $27,387.70 | $27,387.70 | |
| Universal Credit Card Services, Account Number 5491-1302-5061-4773, P. O. Box 6018, The Lakes, Nevada 88901-6018 | $1,502.88 | $1,502.88 | |
| NationsBank MasterCard, Account Number 5491-0500-0093-9546, Bank of America, P. O. Box 85350, Louisville, Kentucky 40285-5350 | $36,768.47 | $36,768.47 | |
| Providian MasterCard, Account Number 4428-2307-7300-4386, P. O. Box 37144, Pittsburgh, Pennsylvania 15250-7444 | $3,815.49 | $3,815.49 | |
| Providian Visa, Account Number 5418-2750-0161-0560, P. O. Box 37144, Pittsburgh, Pennsylvania 15250-7444 | $9,280.56 | $9,280.56 | |
| First USA Bank Visa, Accounty Number 4417-1283-1500-1196, P. O. Box 740085, Atlanta, Georgia 30374-0085 | $62,588.12 | $62,588.12 | |
| American Express, Account Number 3717-687127-61000, P. O. Box 1407, Newark, New Jersey 07101-1407 | $59,734.77 | $59,734.77 | |
| TOTALS: | $201,077.99 | $201.077.99 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] If applicable, restitution amount ordered pursuant to plea agreement $.

[] The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[x] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[x] The interest requirement is waived for the [] fine and/or [x] restitution

[] The interest requirement for the: [] fine and/or [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 3/01) Sheet 6 - Schedule of Payments

DEFENDANT: ROGER LEIGH OEHLER
CASE NUMBER: 02CR151 (JNE/RLE)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [] Payment of $ due and payable immediately

B [x] Lump sum payment of $10,000 due immediately, balance due

[] not later than , or
[x] in accordance with [] C, [] D, [] E, [x] F below; or

C [] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

D [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the date of this judgment; or

E [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the release from imprisonment to a term of supervision; or

F [x] Special instructions regarding the payment of criminal monetary penalties:
**Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Payments of not less than $100.00 per month are to be made over a period of 3 years commencing 30 days after release from confinement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court costs(s):

## FORFEITURE

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture

PAYMENT HISTORY REPORT

RUN DATE: 28-FEB-2005 FOR: 2004Z00005/001 Report: CZ_QRYG
PAGE: 1 OF 2

DEBTOR: Oehler, Roger Leigh
COURT NUMBER: 02-151 JNE/RLE
CURRENT LIABILITY BALANCE: $207,116.24

PRIORITY CODE: 02

| FIN SEQ | FIN CODE | COL TYPE | REC DATE | FORM/ REC BY | REC FROM | DEPOSIT NO. | CHECK NO. | PMNT AMT | POST DATE |
|---|---|---|---|---|---|---|---|---|---|
| 0005 | PMNT | 8 | 04-MAR-2004 | CL/A | R. OEHLER-BOP | | BOP | $25.00 | 19-APR-2004 |
| 0009 | PMNT | 8 | 04-JUN-2004 | CL/A | Roger | | BOP | $40.00 | 14-JUL-2004 |
| 0012 | PMNT | 8 | 09-SEP-2004 | CL/A | OEHLER, ROGER LEIGH | | | $60.00 | 08-OCT-2004 |
| 0014 | PMNT | 8 | 09-DEC-2004 | CL/A | OEHLER, ROGER LEIGH | | | $50.00 | 18-JAN-2005 |
| 0015 | PMNT | 8 | 03-FEB-2005 | CL/A | R. OEHLER | | 400 280034 | $100.00 | 03-FEB-2005 |

Total Payments for Debtor: $275.00

CARDELS 800-783-0399
GOVERNMENT EXHIBIT
B

U.S. Departmen[illegible] Justice

*United States Attorney*
*District of Minnesota*

*600 United States Courthouse*
*300 South Fourth Street*
*Minneapolis, MN 55415*

*(612)664-5600*

March 1, 2004

DELINQUENCY NOTICE
(for offenses December 11, 1987 and after)

To Roger Leigh Oehler:

On December 16, 2003, the Court ordered you to pay a special assessment in the amount of $3,500.00, and restitution in the amount of $201,077.99. $10,000.00 of the restitution amount is immediately due and payable. Your payment is more than 30 days late and, therefore, your account is delinquent. Because of this delinquency you have been charged a penalty of 10% on the $10,000.00 principal amount due. If your payment plus the delinquency penalty is not paid within the next 90 days, you will be charged an additional penalty of 15% of the delinquent amount.

If you fail to repay the judgment debt, we will pursue collection by garnishment of your wages, execution on real and personal property, or other means allowed by law.

Please make your check or money order payable to the Clerk of Court and send it immediately to:

Clerk of Court
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

Any questions you have may be directed to the Financial Litigation Unit at (612) 664-5600.

CARDELS 800-783-0399
GOVERNMENT EXHIBIT
C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ROGER L. OEHLER, Defendant, and 3M COMPANY, Garnishee. | WRIT OF GARNISHMENT |

TO: 3M Company, Attn: 401K, 3M Center, Building 224-2W-15, St. Paul, MN 55144

An application for a Writ of Garnishment against property of the above-named defendant, Roger L. Oehler, has been filed with this Court by the United States of America.

A judgment was entered in favor of the United States of America and against the defendant on December 16, 2003, for Restitution. As of June 10, 2004, the balance on this judgment debt was $207,072.99 in principal, plus interest and costs and pursuant to 28 U.S.C. § 3011, a surcharge of 10% of the total debt due. Of that amount, $10,000.00 is due and payable immediately.

You, 3M Company, the garnishee, are required by law to immediately withhold and retain any property, up to the amount of $10,000, in your custody, control or possession in which the judgment debtor, Roger L. Oehler, has a substantial non-exempt interest. It is unlawful for you to pay or deliver to the

GOVERNMENT EXHIBIT E

defendant any item attached by this Writ. You are to take this action pending further order of the above-referenced court.

Under the law, there is property which is exempt from this Writ of Garnishment. A listing of such property is enclosed (see Claim for Exemption Form).

You, the garnishee, are required by law to answer this Writ of Garnishment, in writing, under oath, within ten (10) days of your receipt of this Writ. In the Answer of the Garnishee, you must indicate whether you have in your custody, control, or possession, property in which this judgment debtor has a substantial non-exempt interest, providing a description of such property and an indication of the judgment debtor's interest in it. You, the garnishee, are required by law to mail or deliver in person, within 10 days, the original, signed and notarized Answer of the Garnishee to the Clerk of the United States District Court, 202 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Additionally, you are required by law to mail or deliver in person a copy of the completed Answer of the Garnishee to the debtor, at #10455-041, Yankton FPC, P.O. Box 680, Yankton, SD 57078; and to counsel for the United States, at the United States Attorney's Office, Financial Litigation Unit, 600 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

If you fail to answer this Writ of Garnishment, or if you fail to withhold property in accordance with this Writ, the United States of America may petition the Court for an order requiring you

to appear before said Court and show good cause why you failed to comply with this Writ. Failure to appear before the Court or failure to show good cause for your noncompliance with this Writ may result in the Court entering a judgment against you. That judgment would be in the amount of the judgment debtor's nonexempt interest in the property in your custody, control or possession that is subject to this garnishment, up to the outstanding debt balance, plus attorney fees.

Authorized By:

Date: June 16, 2004

Raymond L. Erickson
Magistrate Judge
United States District Court
District of Minnesota

Issued By:
Richard Sletten, Clerk
United States District Court
District of Minnesota

Date: June 21, 2004

Patricia J. Sabin
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant,<br><br>and<br><br>3M VOLUNTARY INVESTMENT PLAN AND EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Garnishee. | ) | WRIT OF GARNISHMENT |

TO: 3M Voluntary Investment Plan and Employee Stock Ownership Plan, Attn: 401K, 3M Center, Building 224-2W-15, St. Paul, MN 55144

An application for a Writ of Garnishment against property of the above-named defendant, Roger L. Oehler, has been filed with this Court by the United States of America.

A judgment was entered in favor of the United States of America and against the defendant on December 16, 2003, for monetary penalties. As of September 14, 2004, the balance on this judgment debt was $207,220.99 in principal, plus interest and costs and pursuant to 28 U.S.C. § 3011, a surcharge of 10% of the total debt due. Of that amount, $3,435.00.00 in special assessments and $10,000.00 in restitution was ordered due and payable immediately.

You, 3M Voluntary Investment Plan and Employee Stock Ownership Plan, the garnishee, are required by law to immediately withhold and retain any property, up to the amount of $3,435.00, in

GOVERNMENT EXHIBIT F

custody, control or possession in which the judgment debtor, Roger L. Oehler, has a substantial non-exempt interest. It is unlawful for you to pay or deliver to the defendant any item attached by this Writ. You are to take this action pending further order of the above-referenced court.

Under the law, there is property which is exempt from this Writ of Garnishment. A listing of such property is enclosed (see Claim for Exemption Form).

You, the garnishee, are required by law to answer this Writ of Garnishment, in writing, under oath, within ten (10) days of your receipt of this Writ. In the Answer of the Garnishee, you must indicate whether you have in your custody, control, or possession, property in which this judgment debtor has a substantial non-exempt interest, providing a description of such property and an indication of the judgment debtor's interest in it. You, the garnishee, are required by law to mail or deliver in person, within 10 days, the original, signed and notarized Answer of the Garnishee to the Clerk of the United States District Court, 202 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Additionally, you are required by law to mail or deliver in person a copy of the completed Answer of the Garnishee to the debtor, at #10455-041, Yankton FPC, P.O. Box 680, Yankton, SD 57078; and to counsel for the United States, at the United States Attorney's Office, Financial Litigation Unit, 600 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

If you fail to answer this Writ of Garnishment, or if you fail to withhold property in accordance with this Writ, the United States of America may petition the Court for an order requiring you to appear before said Court and show good cause why you failed to comply with this Writ. Failure to appear before the Court or failure to show good cause for your noncompliance with this Writ may result in the Court entering a judgment against you. That judgment would be in the amount of the judgment debtor's nonexempt interest in the property in your custody, control or possession that is subject to this garnishment, up to the outstanding debt balance, plus attorney fees.

Authorized By:

Date: 9/23/04

Magistrate Judge
United States District Court
District of Minnesota

Issued By:
Richard Sletten, Clerk
United States District Court
District of Minnesota

Date: 9/23/04

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

RECEIVED/1
OCT 17 A 10:31
DIST. OF

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | ANSWER OF THE GARNISHEE (NON-EARNINGS) |
| ROGER LEIGH OEHLER, | ) | |
| Defendant, | ) | |
| and | ) | |
| 3M COMPANY, | ) | |
| Garnishee. | ) | |

3M Company, being duly sworn, deposes and says:

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of

3M Voluntary Investment Plan and Employee Stock Ownership Plan.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ______________________,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is ~~a corporation:~~** an employee benefit plan:

That he/she is the Retirement Administrator (Title) of Garnishee, 3M Voluntary Investment Plan and Employee Stock Ownership Plan (Full name/

3M Center, Bldg. 224-2W-15, an employee benefit plan governed by the ~~a corporation, organized under the~~
address of corporation)

Employee Retirement Income Security Act of 1974.
~~laws of the State of~~ ______________________.

GOVERNMENT EXHIBIT
G

CARDELS 800-783-0399

On August 16, 2004, Garnishee was served with the Writ of Garnishment. If, as of the date of service of said Writ, Garnishee was in custody, control of possession of non-earnings' property in which the above-named defendant has financial or legal interest, proceed to Number 1 below. If, as of the date of service of said Writ, Garnishee was not in custody, control or possession of such property, sign, date, notarize, and return this Answer of the Garnishee.

1. For non-earnings' property presently in your custody, control or possession, indicate:

| Description of Property | Value of Property | Debtor's Interest in Property |
|---|---|---|
| 401(k), Defined Contribution Plan | $26,193.26 (plus or minus investment gains or losses) | $26,193.26 (plus or minus investment gains or losses) |

Total Value of Property $26,193.26 as of 10/15/04

2. If the non-earnings' property listed above is currently subject to previously-served garnishments or court orders, provide the information requested below: (If the noted non-earnings' property is not currently subject to any previously-served garnishments/orders, write "$0.00" on the "Total Due Under Previously-Served Garnishments/Orders" line below.)

| Description of Previously-Served Garnishment/Order | Amount Due Under Previously-Served Garnishment/Order |
|---|---|
| | $ |
| | $ |
| | $ |

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Garnishee

SUBSCRIBED and SWORN to before me this 15th day of October, 2004.

NOTARY PUBLIC

SAMUEL SCOTT BISHOP
Notary Public
Minnesota
My Commission Expires Jan. 31, 2009

______________________________, an employee benefit plan governed ~~a corporation organized under the~~
address of corporation)
by the Employee Retirement Income Secuirty Act of 1974.
~~laws of the State of~~ ______________________.

On October 4, ______, 2004, Garnishee was served with the Writ of Garnishment. If, as of the date of service of said Writ, Garnishee was in custody, control of possession of non-earnings' property in which the above-named defendant has financial or legal interest, proceed to Number 1 below. If, as of the date of service of said Writ, Garnishee was not in custody, control or possession of such property, sign, date, notarize, and return this Answer of the Garnishee.

1. For non-earnings' property presently in your custody, control or possession, indicate:

| Description of Property | Value of Property | Debtor's Interest in Property |
|---|---|---|
| Account in 401(k) Defined Contribution Plan | $ 26,193.26 as of October 15, 2004 | $26,193.26 as of October 15, 2004 |
| | | |

Total Value of Property $ 26,193.26 as of October 15, 2004

2. If the non-earnings' property listed above is currently subject to previously-served garnishments or court orders, provide the information requested below: (If the noted non-earnings' property is not currently subject to any previously-served garnishments/orders, write "$0.00" on the "Total Due Under Previously-Served Garnishments/Orders" line below.)

| Description of Previously-Served Garnishment/Order | Amount Due Under Previously-Served Garnishment/Order |
|---|---|

| | |
|---|---|
| Writ of Garnishment issued by U.S. | $ 10,000 |
| District Court, District of Minnesota, | $ |
| dated June 21, 2004 | $ |
| Total Due Under Previously-Served Garnishments/Orders | $ 10,000 |

3. Determine the extent to which the non-earnings' property presently in your custody, control or possession is available for this garnishment:

a. Enter the amount listed on the "Total Value of Property" line in Number 1 above. $ 26,193.26

b. Enter the amount listed on the "Total Due Under Previously-Served Garnishments/Orders" line in Number 2 above (including "$0.00"). $ 10,000.00

c. **Current Non-Earnings' Property Available for this Garnishment** (subtract line "b" from line "a")

$ 16,193.26

If you do not claim an exemption, objection, defense or set-off against the amount stated on Line "c" above, you must now retain that amount, up to the total debt balance due as set forth in the Writ of Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.)

If you do contend that some portion of the amount listed on Line "c" above is not subject to this garnishment, indicate the reason(s) for your contention:

_____The Garnishee claims, on behalf of the judgment debtor, the exemption noted on Line ______ of the Claim for Exemption Form. The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $ ____________.

_____The Garnishee claims the following objection, defense or right to set-off from the non-earnings' property available for this garnishment: ____________________________________________. The amount the Garnishee contends is available from current non-earnings' property for this garnishment is $________________.

---

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Debtor, at:

Roger L. Oehler
#10455-041
Yankton FPC
P.O. Box 680
Yankton, SD 57078

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Garnishee

SUBSCRIBED and SWORN to before me this 15th day of October, 2004.

NOTARY PUBLIC

SAMUEL SCOTT BISHOP
Notary Public
Minnesota
My Commission Expires Jan. 31, 2009