UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-151 JNE/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER LEIGH OEHLER,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO AMEND PAYMENT TERMS PURSUANT TO 18 U.S.C. § 3664(k)** |

This matter comes before the Court on the government's motion to amend the payment terms of the Judgment and Commitment Order dated December 16, 2003, on the ground that there is a material change in defendant's economic circumstances within the meaning of 18 U.S.C. § 3664(k). Specifically, the government has been notified that defendant has liquidated his 401(k) account at 3M and, thus, received significant cash assets which could be used to pay more than the minimal installment payments outlined in the Judgment and Commitment Order. Moreover, defendant has recently disclosed in discovery that he is receiving a monthly pension of $2,314.39 which was not disclosed prior to sentencing. See responses to Interrogatories by Judgment Creditor attached as Exhibit A to the Declaration of Cindy Loken. Because defendant's economic circumstances have materially changed, the motion to amend payment terms should be granted.

FACTS

Defendant was sentenced on December 16, 2003. In addition to special assessments of $3,500.00, he was ordered to pay restitution of $201,077.99 to seven credit card companies. Of that amount, $10,000.00 was ordered payable immediately and the remainder on a nominal payment plan of $25 per quarter while in prison (if working a non-UNICOR job) and not less than $100.00 per month while on supervision. See Judgment and Commitment Order of December 16, 2003. As of May 15, 2006, defendant has paid $1,575.00 toward his special assessments and $10,000.00 of the restitution debt, including $10,000.00 garnished from his 401(k) account in June, 2005. See Order of June 7, 2005. See also Payment History attached as Exhibit B to the Loken Declaration.

Since defendant was sentenced, he has liquidated his 401(k) at 3M and has started receiving a monthly pension of $2,314.39, both of which significantly and materially change his economic circumstances. He now has substantial cash assets with which to pay more than the nominal minimum monthly payment of $100.00 set forth in the Judgment and Commitment Order. Given this material change in the defendant's ability to pay restitution, the government seeks an order amending the monthly payment terms.

DISCUSSION

Title 18, United States Code § 3664(k), authorizes the Court, upon notice of a material change in economic circumstances that may affect a defendant's ability to pay restitution and upon the motion of any party, to "adjust a payment schedule, or require immediate payment in full, as the interests of justice require." See United States v. Vanhorn, 296 F.3d 713, 721 (8th Cir. 2002)(noting that district court has jurisdiction under § 3664 to adjust payment schedules as justice requires). See also United States v. Bernard, 351 F.3d 360 (8th Cir. 2003); United States v. Dye, 48 Fed.Appx. 218, 2002 WL 31245976 (8th Cir. 2002).

A material change in defendant's economic circumstances is "identified by an objective comparison of defendant's financial condition before and after a sentence is imposed." Dye, 48 Fed.Appx. at 220. When property or funds become available after sentencing, defendant has a change in economic circumstances that may affect her ability to pay. Id.

That is clearly what happened here. Since his December, 2003, sentencing, defendant has liquidated his 401(k). According to 3M, his employer, he received $17,373.27 in a lump sum cash payment on October 7, 2005. See Attachment A

Responses, attached to Exhibit C to the Loken Declaration. Moreover, since sentencing, defendant has begun to draw a monthly pension of $2,314.39. Id. Both these changes constitute a change in economic circumstances affecting defendant's ability to pay and justify a change in the payment schedule set forth in the Judgment and Commitment Order.

The interests of justice require such an adjustment so that the victims of defendant's crimes may be repaid in a timely manner, rather than in the minimal monthly amounts previously ordered. Assuming defendant pays at the rate of $100.00 per month while on supervision, he will have paid $3,600.00 over the 36 months of his supervised release. Because, by law, defendant's special assessments are paid first, most of what he pays on supervision will be applied to the balance due on his special assessments. Only $275.00 will go to the victims of his crime when supervision ends in January, 2008. Given defendant's current financial circumstances, the interests of justice require more from him.

Pursuant to 18 U.S.C. § 3664(k), the United States hereby notifies the Court and, by copy of this motion, the restitution victims of the changes in defendant's economic circumstances and requests that the Court modify the payment terms of the Judgment and Commitment Order to require

immediate payment of the $17,373.27 which defendant received when he liquidated his 401(k) and monthly payments of $500 for the remainder of defendant's term of supervision.

CONCLUSION

For these reason, the United States requests that its motion to modify payment terms be granted.

Dated: June 5, 2006

RACHEL K. PAULOSE
United States Attorney

s/ M. Trippler
BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600
Attorneys for United States